HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONEL BROUSSARD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ABM FACILITY SEATTLE and SEIU 6 UNION,<br><br>　　　　　Defendants. | CASE NO. 2:25-cv-00644-RAJ<br><br>ORDER |

## I.　INTRODUCTION

THIS MATTER comes before the Court on *pro se* Plaintiff Ronel Broussard ("Plaintiff")'s Motion to Appoint Counsel. Dkt. # 7. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion **WITHOUT PREJUDICE** and **DISMISSES** his Complaint **WITHOUT PREJUDICE**. Dkt. # 5.

## II.　BACKGROUND

Although unclear, this case involves potential employment discrimination and retaliation. The Complaint asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332. In his statement of the claim, Plaintiff alleges that his "rights were violated due to a

work[-]related injury that happen[ed] to [him] on the job." *Id.* at 5. He then claims that when he returned to work after receiving worker's compensation, "the discrimination started." *Id*. Plaintiff does not detail the form of discrimination in his Complaint, but he states that Defendants falsely accused him of lying and subjected him to unspecified "harassments." *Id*. When explaining the amount in controversy, Plaintiff notes the following: "I feel the [D]efendants both are responsible for me losing money because of the turmoil they have put me [through] . . . ." *Id*.

Plaintiff previously submitted an application to proceed *in forma pauperis*, but he eventually paid the requisite $405.00 filing fee. Dkt. # 1. In the instant Motion, Plaintiff does not indicate if he has been unsuccessful in finding an attorney, instead describing that he contacted attorneys "to see what could be done." Dkt. # 7 at 2.

### III.  LEGAL STANDARD

**A.    Inherent Authority to Dismiss an Action**

A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Even if a plaintiff who initially decides to proceed *in forma pauperis* ultimately pays the appropriate filing fee, district courts still have the authority to dismiss the action. *See Voag v. Alonzo*, No. 2:20-cv-01450-JCC, 2020 WL 6820823, at *1 (W.D. Wash. Nov. 20, 2020) (citing *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991) (9th Cir. 1987) (holding that a trial court may dismiss a claim *sua sponte* under Rule 12(b)(6)).

Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state

a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 568 (2007). Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

**B.    Motion to Appoint Counsel**

As a general matter, a plaintiff does not have a right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In certain cases, "exceptional circumstances" may warrant the appointment of counsel. *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

## IV.    DISCUSSION

The Court summarily dismisses Plaintiff's Complaint without prejudice and denies his Motion without prejudice. The Ninth Circuit has permitted a district court to dismiss a plaintiff's case, regardless of whether the plaintiff proceeds *in forma pauperis*, if the district court determines that the action fails to state a claim upon which relief may be granted. *See Omar*, 813 F.2d at 991. Plaintiff claims this case involves "discrimination," but there is no citation to a specific federal statute. Dkt. # 7 at 2. There is also a concern about whether diversity jurisdiction actually exists, as Plaintiff does not allude to an amount in controversy and fails to address where Defendants reside.[1] *Id*. Moreover, there is no reference to a specific instance of alleged discrimination or harassment. Plaintiff's Complaint cannot proceed as it currently stands. Accordingly,

---

[1] The names of Defendants indicate they are based in Washington, although this is not confirmed.

ORDER - 3

the Court dismisses the Complaint without prejudice, and it will grant Plaintiff twenty-eight (28) days from the date of this Order to address the deficiencies referenced in this section.

Given the status of Plaintiff's Complaint, the Court denies his Motion to Appoint Counsel without prejudice. Based on the problems noted above, the Court finds that no exceptional circumstances warrant the appointment of counsel because Plaintiff is unlikely to succeed on the merits. His reason for seeking counsel is also grossly insufficient, and the language of the Motion makes it appear that he is still trying to obtain representation. However, the Court acknowledges that an amended pleading could change its analysis regarding the "exceptional circumstances" probe. The Court denies the Motion without prejudice, and it will grant Plaintiff twenty-eight (28) days from the date of this Order to file an amended motion.

## V. CONCLUSION

Based on the foregoing reasons, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Dkt. # 5. Additionally, his Motion to Appoint Counsel is **DENIED WITHOUT PREJUDICE**. Dkt. # 7. Plaintiff may file an amended complaint within **twenty-eight (28) days** of this Order. Any amended complaint shall include a short and plain statement concerning: (1) the grounds for the Court's jurisdiction; (2) a showing that Plaintiff is entitled to relief; and (3) a demand for the specific relief sought.

///

///

///

///

///

///

If Plaintiff fails to comply timely with this Order and does not correct the deficiencies noted above, the Court will dismiss this action with prejudice. Plaintiff may also file an amended motion to appoint counsel within **twenty-eight (28) days** of this Order.

Dated this day 30th of July, 2025.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge